UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO:

AGOSTINO GABRIELE,

      Plaintiff,

vs.

CELEBRITY CRUISES, INC., a Foreign Profit Corporation,

      Defendant.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, AGOSTINO GABRIELE, sues the Defendant, CELEBRITY CRUISES, INC., a Foreign Profit Corporation, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action in excess of this Court's minimum jurisdictional limits, to wit: Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

2. At all material times, Plaintiff, AGOSTINO GABRIELE, was and is a resident of Goshen, Kentucky, and otherwise *sui juris*.

3. At all material times, Defendant, CELEBRITY CRUISES, INC., was and is a Foreign Corporation engaged in the business of selling cruises and operating cruise ships within the United States of America, including the state of Florida.

4. At all material times, Defendant, CELEBRITY CRUISES, INC., maintained its principal office for the regular transaction of its business at 1050 Caribbean Way, Miami, Florida, 33132.

1

5. Jurisdiction is proper in this Court pursuant to Federal Rule of Civil Procedure 9 (h). This claim is maintained under the general maritime law of the United States. In the alternative, this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy, without interest and costs, exceeds $75,000.00 and the Plaintiff is a citizen of Florida and the Defendant is a foreign corporation with its principle place of business in Miami, Florida.

6. Venue is proper in this court both because the Defendant, CELEBRITY CRUISES, INC., maintains office(s) for the transaction of its business in Miami-Dade County, Florida, and pursuant to a forum selection clause in the Defendant's Cruise/Cruise Tour Ticket Contract that requires all lawsuits between a passenger and the Defendant(s) cruise ship carrier to be brought before a Federal Court located in the Southern District of Florida.

## FACTS COMMON TO ALL CLAIMS

7. At all material times, the Defendant operated the subject vessel, *Celebrity Silhouette*, which departed from Port in South Florida.

8. As part of its regular business, Defendant, CELEBRITY CRUISES, INC., booked, arranged, and sold cruises to patrons like the Plaintiff and provided them with transportation, food, entertainment, and lodging on the *Celebrity Silhouette* and other vessels.

9. On or about June 9, 2015, the Plaintiff, AGOSTINO GABRIELE, embarked upon the vessel, *Celebrity Silhouette*, as a paying passenger for a cruise operated and sold by Defendant, CELEBRITY CRUISES, INC.

10. On or about June 17, 2015, the Plaintiff, AGOSTINO GABRIELE, was on the pool deck aboard the *Celebrity Silhouette*, when he slipped and fell on a dangerous, hazardous foreign substance on the floor, severely injuring himself.

11. At all material times, Defendant, CELEBRITY CRUISES, INC., by and through its

agents employees and/or crew, maintained and controlled the subject vessel, *Celebrity Silhouette*, including the area where the Plaintiff, AGOSTINO GABRIELE, was injured.

12. At all material times, agents, crew and/or employees of Defendant, CELEBRITY CRUISES, INC., had knowledge, actual or constructive, of the dangerous and hazardous nature of the area in which the Plaintiff fell.

13. At all material times, agents, crew and/or employees of Defendant, CELEBRITY CRUISES, INC., knew or should have known that allowing the dangerous and hazardous condition to remain on its ship in an area frequently used by its passengers posed a significant danger to them.

14. At all material times, Defendant, CELEBRITY CRUISES, INC., had a duty to warn its passengers, including the Plaintiff, AGOSTINO GABRIELE, of that danger and to take all reasonable steps to correct it.

## COUNT I

### NEGLIGENCE AGAINST DEFENDANT, CELEBRITY CRUISES, INC.

The Plaintiff adopts and re-alleges Paragraphs 1 through 14, and further alleges:

15. At all material times, Defendant, CELEBRITY CRUISES, INC., knew or should have known of the presence of the dangerous and/or hazardous foreign substance on the floor of the pool deck of its vessel and further knew that passengers on the *Celebrity Silhouette*, including the Plaintiff, would walk through the pool deck.

16. At all material times, Defendant, CELEBRITY CRUISES, INC., owed a duty to the Plaintiff to maintain, operate and control its vessel in a reasonably safe condition, and to warn its passengers of any unsafe conditions existing upon the vessel which the Defendant knew, or by the exercise of reasonable care should have known, existed.

17. At all material times, Defendant, CELEBRITY CRUISES, INC., further owed a duty to the Plaintiff, AGOSTINO GABRIELE, to maintain a reasonably safe means of walking through the pool deck aboard the vessel.

18. Notwithstanding these duties, Defendant, CELEBRITY CRUISES, INC., by and through the acts and omissions of its employees, agents, crew and/or servants, breached its duty of care to the Plaintiff and was negligent in one or more of the following ways:

   a. Failing to maintain the vessel in a reasonably safe condition; and/or

   b. Failing to warn the Plaintiff of an unsafe condition existing upon the vessel which the Defendant or its agents knew or should have known of; and/or

   c. Failing to take adequate steps or measures to correct the unsafe condition which the Defendant or its agents knew or should have known of; and/or

   d. Failing to maintain a safe means of ingress and egress for its passengers where the incident occurred on the pool deck; and/or

   e. Failing to provide the necessary precautions and/or warnings in order to protect persons from falling on the pool deck; and/or

   f. Creating an unsafe condition on the vessel in the subject pool deck; and/or

   g. Failing to have adequate procedures in place for the inspection and maintenance of the pool deck and, in particular, the hot tub area where the incident occurred; and/or

   h. Failing to protect its passengers from known dangers; and/or

i. Failing to provide their passengers with a safe means of walking through the area where the incident occurred; and/or

j. Negligently and carelessly failed to maintain the flooring in the subject pool deck; and/or

k. Negligently and carelessly failed to utilize skid resistant or other appropriate flooring upon the subject floor; and/or

l. Defendant was otherwise negligent at the time and place complained of.

19. As a direct and proximate result of the Defendant, CELEBRITY CRUISES, INC.'S negligence, as hereinabove alleged, the Plaintiff, AGOSTINO GABRIELE, slipped and fell suffering bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, loss of earnings and future earning capacity, expense of hospitalization, medical and nursing care and treatment, and aggravation of a previously existing condition. These losses are either permanent and/or continuing in their nature, and Plaintiff, AGOSTINO GABRIELE, will suffer these losses in the future.

**WHEREFORE**, the Plaintiff, AGOSTINO GABRIELE, demands judgment against the Defendant, CELEBRITY CRUISES, INC., for damages in excess of Seventy Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. Plaintiff further demands trial by jury of all issues so triable as of right.

Dated this 7th day of January, 2016.

**THE BIONDO LAW FIRM, P.A.**
Attorneys for the Plaintiff
44 West Flagler Street, Suite 1575
Miami, Florida  33130
Phone:         (305) 371-7326
Facsimile:     (305) 371-7330
Email: garrett@biondolaw.com


By: /s/ Garrett Biondo
Garrett Biondo, Esq.
Florida Bar No.:0193437

6